# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| HOWARD BRUCHHAUSER and JOSEPH FOTE, Individually and on Behalf of All Others Similarly Situated, | Case No.: 19-cv-1125 |
| | **CLASS ACTION COMPLAINT** |
| Plaintiffs, | |
| v. | **Jury Trial Demanded** |
| RADIUS GLOBAL SOLUTIONS, LLC, | |
| Defendant. | |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiffs pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Howard Bruchhauser is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff Joseph Fote is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

5. Each Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from them debts incurred for personal, family, or household purposes.

6. Defendant Radius Global Solutions, LLC ("Radius") is a foreign business corporation with its principal place of business located at 5440 North Cumberland Suite 300, Chicago, Illinois 60656.

7. Radius does substantial business in Wisconsin and maintains a registered agent for service of process at C T Corporation System, 301 S. Bedford St., Suite 1, Madison, Wisconsin 53703.

8. Radius is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9. Radius is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes.

10. Radius is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

### *Facts Related to Plaintiff Bruchhauser*

11. On or about August 24, 2018, Radius mailed a debt collection letter to Plaintiff Bruchhauser regarding an alleged debt owed to "Wells Fargo Bank, N.A." ("Wells Fargo"). A copy of this letter is attached to this complaint as Exhibit A.

12. Upon information and belief, the alleged debt that Radius was attempting to collect was a consumer credit card account, used only for personal, family, or household purposes.

13. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Bruchhauser inserted by computer.

*14.* Upon information and belief, Exhibit A is a form debt collection letter used by Niagara to attempt to collect alleged debts.

2

15.     Exhibit A contains the following:

> Your Past Due Account Balance: $8,273.36
> Your Settlement Offer: $3,309.34

16.     Exhibit A includes the following offer:

> Our client, Wells Fargo Bank, N.A., will allow you to settle your account for $3,309.34 in 4 payments over 4 months starting on 09/14/18. If you need additional time to respond to this offer, please contact us. We are not obligated to renew this offer. The first three payments will be $827.34 and the fourth payment will be $827.32. Upon receipt and clearance of all four payments, a letter will be sent confirming the above referenced account has been resolved.
>
> Payments must NOT be more than 30 days apart or this settlement will be cancelled. Please send payments to the address above.

17.     The plan described in Exhibit A is confusing to the unsophisticated consumer.

18.     Exhibit A states that an initial payment out of four must be made by September 14, 2018, and that "Payments must NOT be more than 30 days apart or this settlement will be cancelled."

19.     It is facially unclear whether Exhibit A means that subsequent settlement payments must be made within 30 days of September 14, 2018 or whether making the first payment *before* September 14, 2018 would accelerate the date that the second payment is due. For example, if a consumer makes the first payment on September 1, 2018, it is unclear whether the second payment would be due on October 1, 2018, or on October 14, 2018.

20.     Moreover, the representation that "Payments must NOT be more than 30 days apart or this settlement will be cancelled" is false, confusing and misleading to the unsophisticated consumer.

21.     The unsophisticated consumer would understand the representation that "Payments must NOT be more than 30 days apart or this settlement will be cancelled" to mean that the debt collector could avoid honoring the settlement anytime the consumer tendered a late payment.

3

22. Upon information and belief, the consumer would have the option to cure any late payment as a matter of course. *See, e.g., Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 775 (7th Cir. 2007) (explaining that debt collectors frequently renew settlement offers).

23. Upon information and belief, neither the debt collector nor the creditor, in fact, cancels a settlement with the consumer simply because one of the consumer's payments was received a few days late.

24. Plaintiff Bruchhauser read Exhibit A.

25. Plaintiff Bruchhauser was confused by Exhibit A.

26. The unsophisticated consumer would be confused by Exhibit A.

27. Plaintiff Bruchhauser had to spend time and money investigating Exhibit A and the consequences of any potential responses to Exhibit A.

28. Plaintiff Bruchhauser had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

### *Facts Related to Plaintiff Fote*

29. On or about November 9, 2018, Radius mailed a debt collection letter to Plaintiff Fote regarding an alleged debt owed to "Capital One, N.A." ("Capital One"). A copy of this letter is attached to this complaint as Exhibit B.

30. Upon information and belief, the alleged debt that Radius was attempting to collect was incurred by use of a "Kohl's" store-branded consumer credit card account, used only for personal, family, or household purposes. *See* https://www.kohls.com/sale-event/my-kohls-charge.jsp.

31. Upon information and belief, Exhibit B is a form letter, generated by computer, and with the information specific to Fote inserted by computer.

32. Upon information and belief, Exhibit B is a form debt collection letter used by Radius to attempt to collect alleged debts.

33. Exhibit B includes the following offers to resolve the debt:

> **Option 1 (3-pay settlement):** This option allows you to settle your account for $497.34 in 3 payments of $165.78 in order to clear this debt. Please note, we are not obligated to renew this offer. Your first payment is due on 11/30/2018. If you need additional time to respond to this offer, please contact us. The payments can be no more than 30 days apart. For your convenience, payment coupons are attached at the bottom of this letter. Upon receipt and clearance of all three payments, a letter will be sent confirming that the above referenced account has been resolved.
>
> **Option 2 (Monthly payments on Balance):** We understand that you may not be in a position to take advantage of a settlement offer at this time. We are also able to break up your balance into smaller monthly payments of $100 until your account is paid in full. If you wish to take advantage of this option, please send your payments to the above address, and be sure to include your Radius reference number on your payment. Upon receipt of your first payment, we will send you payment coupons for your future monthly payments. Once you are in a position to offer a settlement, please contact us.
>
> If you would like to take advantage of one of the offers listed above, or if you would prefer to make smaller monthly payments over time, please feel free to call us at 866-645-0281.

34. Exhibit B is false and misleading to the unsophisticated consumer.

35. The offer listed under "OPTION 1" states that "payment coupons are attached at the bottom of this letter."

36. No payment coupons are attached or otherwise included with Exhibit B.

37. The unsophisticated consumer would be confused and would be concerned that part of Exhibit B was missing.

38. Moreover, "OPTION 2" states: "We are also able to break up your balance into smaller monthly payments of $100 until your account is paid in full."

39. Upon information and belief, Fote's Capital One account had been accelerated and charged off at the time Radius sent Exhibit B to Fote.

40. After charge off, Capital One ceases sending statements to consumers and also ceases adding interest to the account.

5

41. Charged off accounts are also not subject to late fees or other charges. *E.g., Rodriguez v. Codilis & Assocs., P.C.*, No. 17-cv-3656, 2018 U.S. Dist. LEXIS 54898, at *11 (N.D. Ill. Mar. 30, 2018) ("As Rodriguez points out, BSI cannot impose late charges for failure to make monthly payments after a loan has been accelerated.") (citing *Rizzo v. Pierce & Assocs.*, 351 F.3d 791, 793 n.1 (7th Cir. 2003)).

42. Upon information and belief, Radius and Capital One would be willing to accept a payment from the consumer in any amount.

43. Upon information and belief, Radius and Capital One would be willing to accept payments from the consumer over any interval, including payments made more sporadically than "monthly."

44. Statements about the amount of one or more payments, the amount necessary to effectuate a settlement of the account, and the amount or interval of payments, are all, by definition, material terms relating to a debt and must be communicated clearly and effectively. *E.g., Nichols v. Northland Groups, Inc.*, 2006 U.S. Dist. LEXIS 15037, at *19 (N.D. Ill. Mar. 31, 2006) ("Requiring a clear statement of the settlement proposal, including the method by which the settlement amount is calculated, will not interfere with the debt collector's freedom to negotiate."); *Al v. Van Ru Credit Corp.*, 2019 U.S. Dist. LEXIS 6321, at *8 (E.D. Wis. Jan. 14, 2019) (confusing settlement offers are "potentially deceiving as to the most basic element of the parties' relationship—the terms of payment for the debt"); *see also, Smith v. Nat'l Enter. Sys., Inc.*, 2017 U.S. Dist. LEXIS 47701, at *13 (W.D. Okla. Mar. 30, 2017) (collection letter violated the FDCPA because "[a]ny consumer receiving the first letter would be left to wonder about a material term of the offer[.]"); *Dixon v. Law Office of J. Scott Watson P.C.*, 2018 U.S. Dist.

6

LEXIS 18184, at *10-11 (E.D. Penn. Feb. 5, 2018) (settlement offer that specified initial installment amounts but left open the amount of later installments violated the FDCPA).

45. Further, the representation that "payments can be no more than 30 days apart" is confusing and misleading to the unsophisticated consumer.

46. The unsophisticated consumer would understand the representation that "payments can be no more than 30 days apart" to mean that the debt collector could avoid honoring the settlement anytime the consumer tendered a late payment.

47. Upon information and belief, the consumer would have the option to cure any late payment as a matter of course. *See, e.g., Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 775 (7th Cir. 2007) (explaining that debt collectors frequently renew settlement offers).

48. Upon information and belief, neither the debt collector nor the creditor, in fact, cancels a 3-payment settlement with the consumer simply because one of the consumer's payments was received a few days late.

49. Plaintiff Fote read Exhibit B.

50. Plaintiff Fote was confused by Exhibit B.

51. The unsophisticated consumer would be confused by Exhibit B.

52. Plaintiff Fote had to spend time and money investigating Exhibit B and the consequences of any potential responses to Exhibit B.

53. Plaintiff Fote had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit B.

7

### *The FDCPA*

54. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Derosia v. Credit Corp. Solutions*, 2018 U.S. Dist. LEXIS 50016, *12, 2018 WL 1513043 (E.D. Wis. March 27, 2018); *Pogorzelski v. Patenaude & Felix APC*, No. 16-C-1330, 2017 U.S. Dist. LEXIS 89678 *9 (E.D. Wis. June 12, 2017) ("A plaintiff who receives misinformation from a debt collector has suffered the type of injury the FDCPA was intended to protect against."); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lanev. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016

U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also, Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

55. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

56. Misrepresentations of the character, amount or legal status of any debt, including the misrepresentation of settlement offers, injure or risk injury to interests expressly protected by Congress in the FDCPA. *See Richardson v. Diversified Consultants*, No. 17-cv-4047, 2019 U.S. Dist. LEXIS 118786 *10-11 (N.D. Ill. July 17, 2019) ("the receipt of a communication misrepresenting the character of the debt (here, the amount owed) is the kind of injury that Congress sought to prevent through the FDCPA. 'Such an injury falls squarely within the ambit of what Congress gave consumers in the FDCPA: 'a legally protected interest in certain information about debts,' with 'deprivation of information about one's debt (in a communication directed to the plaintiff consumer) a cognizable injury.'" (internal citations omitted); *see also*

*Pierre v. Midland Credit Mgmt., Inc.*, 2017 WL 1427070, at *4 (N.D. Ill. Apr. 21, 2017); *Saenz v. Buckeye Check Cashing of Illinois*, 2016 WL 5080747, at *1-2 (N.D. Ill. Sept. 20, 2016); *Bernal v. NRA Grp., LLC*, 318 F.R.D. 64, 72 (N.D. Ill. 2016) (holding that Plaintiff had standing to challenge misleading communication sent to him because the communication violated his "right to be free from such misleading communications"). Such misrepresentations may cause consumers to make incorrect decisions about their finances or make payments to incorrect parties.

57. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

58. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

59. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

## COUNT I – FDCPA

60. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

61. Count I is brought on behalf of Plaintiff Bruchhauser.

62. Exhibit A is misleading to the unsophisticated consumer because it contains language that renders unclear the due date for subsequent settlement payments.

63. It is facially unclear whether Exhibit A means that subsequent settlement payments must be made within 30 days of September 14, 2018 or whether making the first payment *before* September 14, 2018 would accelerate the date that the second payment is due.

64. Defendant therefore violated 15 U.S.C. §§ 1692e and 1692e(10).

## COUNT II - FDCPA

65. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint

66. Count II is brought on behalf of Plaintiff Fote.

67. The offer listed under "OPTION 1" states that "payment coupons are attached at the bottom of this letter."

68. No payment coupons are attached or otherwise included with <u>Exhibit B</u>.

69. The unsophisticated consumer would be confused and would be concerned that part of <u>Exhibit B</u> was missing.

70. Defendant therefore violated 15 U.S.C. §§ 1692e and 1692e(10).

## COUNT III - FDCPA

71. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

72. Count III is brought on behalf of both Plaintiffs.

73. <u>Exhibits A & B</u> include language to the effect that settlement payments must be made within 30 days of each other to effectuate settlement of the debt.

74. Neither Wells Fargo nor Capital One would cancel a settlement with the consumer simply because one of the consumer's payments was received a few days late.

75. Defendant therefore violated 15 U.S.C. §§ 1692e, 1692e(10), and 1692f.

## COUNT IV -- FDCPA

76. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

77. Count IV is brought on behalf of Plaintiff Fote.

78. Exhibit B states that payments must be made monthly at $100 in amount.

79. Radius and Capital One would be willing to accept a payment from the consumer in any amount.

80. Radius and Capital One would be willing to accept payments from the consumer over any interval, including payments made more sporadically than "monthly."

81. Defendant therefore violated 15 U.S.C. §§ 1692e, 1692e(10), and 1692f.

## CLASS ALLEGATIONS

82. Plaintiffs bring this action on behalf of two proposed classes.

83. Class I consists of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A to the complaint in this action, (c) seeking to collect a debt for personal, family, or household purposes, (d) between August 5, 2018 and August 5, 2019, inclusive, (e) that was not returned by the postal service. Plaintiff Bruchhauser is the designated representative for Class I.

84. Class II consists of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit B to the complaint in this action, (c) seeking to collect a debt for personal, family, or household purposes, (d) between August 5, 2018 and August 5, 2019, (e) that was not returned by the postal service. Plaintiff Fote is the designated representative for Class II.

85. The classes are so numerous that joinder is impracticable. On information and belief, there are more than 50 members of each class.

86. There are questions of law and fact common to the members of each class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Defendant complied with the FDCPA.

87. Plaintiffs' claims are typical of the claims of their respective class members. All are based on the same factual and legal theories.

88. Plaintiffs will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

89. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

90. Plaintiffs hereby demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: August 5, 2019              **ADEMI & O'REILLY, LLP**

By: /s/ Mark A. Eldridge
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com